### *In re* THOMPSON, Commissioner.

*(Supreme Court, General Term, Second Department.    May 14, 1888.)*

EMINENT DOMAIN—COMPENSATION—AWARD OF COMMISSIONERS—WHEN SET ASIDE.

    An award of commissioners in condemnation proceedings under the act authorizing the construction of the new aqueduct, (Laws N. Y. 1883, c. 490,) will not be disturbed on appeal, where no legal errors are assigned, unless it appears to be manifestly and grossly inadequate, though it be shown that much larger prices were realized on former sales of lots, and the evidence would have warranted a larger award.

In the matter of the petition of Hubert O. Thompson, commissioner, etc., to condemn lands belonging to John Drisler and others, under the aqueduct act, (Laws N. Y. 1883, c. 490.)    Defendants appeal from the award of damages assessed by the commissioners.

*(Supreme Court, General Term, Second Department.    May 14, 1888.)*

TRESPASS—WHAT IS—INJURIES BY BLASTING.

    Under Laws N. Y. 1883, providing for the construction of the new aqueduct, and for compensation for injuries resulting from the construction of the same, compensation for killing a horse, and for damages to buildings, struck by stones from blasting, in the course of its construction, is not allowable, as these injuries are actual trespasses, for which an action will lie.

In the matter of the petition of Hubert O. Thompson, commissioner, etc., for the appointment of commissioners of appraisal, under the aqueduct act,

(Laws N. Y. 1883, c. 490,) to condemn lands belonging to George Hart. Defendant appeals from the award of damages assessed by the commissioners.

CULLEN, J. As said in *Re Thompson*, (*Case of Drisler*,) *ante*, 35, (decided by the court at this term,) the award of the commissioners cannot be set aside unless the inadequacy be gross, or the commissioners fell into some error of principle. We do not think that it can be said that the award is grossly unfair. On the contrary, there is reason to believe that the appellant's claim was largely fictitious. The commissioners did not err in refusing to award damages to appellant's property by the blasting. It is claimed that his horse was killed by a stone, and a building struck. If this was the case, there was an actual trespass committed, (*St. Peter* v. *Denison*, 58 N. Y. 417,) for which the land-owner may recover in an action. It was therefore not a proper subject of consideration in these proceedings. *In re Thompson*, (*Case of Cammann*,) 43 Hun, 416. Award and order appealed from should be affirmed, with $10 costs.